# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CORTEZ, | CASE NO. 1:11-cv-00834-AWI-SKO PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AS BARRED BY THE STATUTE OF LIMITATION |
| v. | |
| DEPARTMENT OF CORRECTIONS, et al., | (Doc. 7) |
| Defendants. | FIFTEEN-DAY DEADLINE |

Plaintiff Robert Cortez, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 23, 2011. On June 21, 2011, Plaintiff filed an amended complaint as a matter of right. Fed. R. Civ. P. 15(a).

The events giving rise to Plaintiff's claims in this action occurred in 1996. As set forth below, Plaintiff's claims appear to be barred by the statute of limitation, but Plaintiff shall be provided with the opportunity to show cause why this action should not be dismissed on that ground.

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitation, federal courts should apply the forum state's statute of limitation for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. Although California's statute of limitation for personal injury actions was extended from one year to two years effective January 1, 2003, the two-year statute of limitation does not apply retroactively to claims that accrued prior to January 1, 2003,

1  and as a result, the one-year statute of limitation applies in this case. Cal. Civ. Proc. Code § 335.1;
2  <u>Jones</u>, 393 F.3d at 927; <u>Maldonado</u>, 370 F.3d at 954-55.

3      In actions where federal courts borrow the state statute of limitation, courts should also
4  borrow all applicable provisions for tolling the limitation period found in state law. <u>Jones</u>, 393 F.3d
5  at 927. Under California law, prisoners who at the time the cause of action accrued were either
6  imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction
7  enjoy a two-year tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1.

8      Plaintiff filed this action in 2011, well beyond the three-year limitation period for 1996
9  events. Accordingly, it is HEREBY ORDERED that:

10      1.    Within **fifteen (15) days** from the date of service of this order, Plaintiff shall show
11      cause why this action should not be dismissed, with prejudice, as barred by the
12      statute of limitation; and

13      2.    The failure to file a response to this order will result in dismissal of this action, with
14      prejudice.

16  IT IS SO ORDERED.

17  **Dated:  March 11, 2012**　　　　　　　　/s/ Sheila K. Oberto
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE