# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CORTEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:11-cv-00834-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, AS BARRED BY THE STATUTE OF LIMITATION<br><br>(Docs. 7 and 9)<br><br>TEN-DAY OBJECTION DEADLINE |

Plaintiff Robert Cortez, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 23, 2011. On June 21, 2011, Plaintiff filed an amended complaint as a matter of right. Fed. R. Civ. P. 15(a).

The events giving rise to Plaintiff's claims in this action occurred in 1996. Because Plaintiff's claims appeared to be barred by the statute of limitation, on March 12, 2012, the Court issued an order giving Plaintiff fifteen days within which to show cause why this action should not be dismissed on that ground. More than fifteen days have passed and Plaintiff has not complied with or otherwise responded to the order. Therefore, for the reasons that follow, the Court recommends dismissal of this action, with prejudice, as time barred.

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitation, federal courts should apply the forum state's statute of limitation for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (2004);

Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. Although California's statute of limitation for personal injury actions was extended from one year to two years effective January 1, 2003, the two-year statute of limitation does not apply retroactively to claims that accrued prior to January 1, 2003, and as a result, the one-year statute of limitation applies in this case. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

In actions where federal courts borrow the state statute of limitation, courts should also borrow all applicable provisions for tolling the limitation period found in state law. Jones, 393 F.3d at 927. Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction enjoy a two-year tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1.

Presuming Plaintiff was entitled to tolling due to incarceration, Plaintiff filed this action in 2011, well beyond the three-year limitation period for 1996 events. Further, even assuming equitable tolling for exhaustion, which may have been applicable, McDonald v. Antelope Valley Community College Dist., 45 Cal.4th 88, 101-03 (Cal. 2008), fifteen years passed between the events and the filing of suit, leaving no room for any reasonable conclusion other than that the action is time barred. Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, as barred by the statute of limitation.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **ten (10) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 13, 2012**              /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE